■ FREDERICK PROCTOR, an Infant, by JOHN A. PROCTOR, His Guardian ad Litem, et al., Respondents-Appellants, v. TOWN OF COLONIE, Appellant-Respondent. FREDERICK PROCTOR, an Infant, by JOHN A. PROCTOR, His Guardian ad Litem, et al., Respondents, v. JAMES K. ROBITAILLE, JR., Appellant. BERNICE L. RIVENBERG, an Infant, by CHARLES RIVENBERG, Her Guardian ad Litem, et al., Respondents, v. TOWN OF COLONIE, Appellant. BERNICE L. RIVENBERG, an Infant, by CHARLES RIVENBERG, Her Guardian ad Litem, et al., Respondents, v. JAMES K. ROBITAILLE, Appellant. JAMES K. ROBITAILLE, JR., Appellant, v. TOWN OF COLONIE, Respondent.—Cross appeals from orders and judgments entered on verdicts rendered by a jury at a Trial Term, Supreme Court, Albany County. In proceeding around a 25-degree curve in a town highway maintained by defendant Town of Colonie an automobile driven by James K. Robitaille at about 40 miles an hour went off the road on the outside of the curve and struck the stump of a tree on the side of the road. Two passengers in the car have recovered against the town for the negligent maintenance of the road; and against Robitaille for negligent operation of the vehicle; and in Robitaille's action against the town the verdict was for the town. Both the town and Robitaille appeal from the judgments against them respectively based on the verdicts in favor of the passengers. We think a case of negligent liability for the accident has not been made out against the town. The curve was adequately marked; the road has been laid out in this manner for many years; it was pitched slightly toward the inside of the curve; no previous accidents at this place have been established; a curve sign was located on the highway 236 feet from the curve of standard design and with reflector buttons; a sight distance of about 1,000 feet exists before the curve is reached. The speed at which the Robitaille car attempted to move around the curve was too high. The presence of the tree stump on the side of the road has not been shown to have had causal connection with the happening of the accident. The tree stump was not only located three feet from the edge of the pavement of the road, but it was located on a ridge of elevated ground rising above the shoulder of the highway and forming an embankment a foot and three and five tenths inches above the level of the pavement. To strike the stump a car would not only need to get off the level of the pavement three feet laterally, but mount the ridge on which the stump was located. It is obvious from the photographs in evidence that this ridge extended some distance back on the road along which the car was traveling as well as around the curve, and it would not reasonably be required that the town provide more safeguards than it had done against cars leaving the pavement and getting up to the point where the stump was located. On the appeal by Robitaille from the judgment of the passengers against him based on the contention no negligence was shown, we are of opinion the jury properly found that with due care he could have seen the curve sign and the curve itself and could have safely driven around it at a proper speed. The opinion of Trial Judge that the verdict of $1,000 for plaintiff Proctor was inadequate is within the area of the court's discretion on this record; and the conditional order setting the verdict aside unless defendant consented to increase the same to $3,000 is warranted. Judgments of plaintiffs against defendant town reversed on the law and the facts and complaints against the town dismissed, without costs; judgments and orders of plaintiffs in the cases against defendant Robitaille affirmed, with costs to respondents. Bergan, J. P. Gibson and Reynolds, JJ., concur; Herlihy, J., dissents in the following memorandum: The accident happened on October 26, 1955 about 1:45 A.M. on the Boght Road, a town road in the town of Colonie, Albany County, when an automobile owned and operated by the defendant James K. Robitaille, Jr., and in which the plain-

tiffs Frederick Proctor and Bernice L. Rivenberg were riding as passengers came in contact with a tree stump along the shoulder of the road. The undisputed facts are briefly as follows: That the said Boght Road was owned and under the control of the defendant town and for which it received State aid. The road ran generally in a north and south direction and was at or near the scene of the accident in a varying width of from approximately 22 to 19 feet. The road was level but at or near the point of the collision there was a sharp curve which the engineer testified as being a 25% curve. There were two signs some distance south of the curve on the east side of the road, one of which read " Slippery When Wet" and the other being a reflected button sign indicating a curve to the left as shown in the exhibits. Approximately five years prior to the accident a tree on the east side of the road had been removed because it was either dying or dead and the stump in question as shown in the various exhibits was left along the side of the road. On the night of the accident, the defendant Robitaille was operating his car in a northerly direction on the said road with his headlights on. It was a clear night and the pavement was dry. Bernice L. Rivenberg was riding in the middle of the front seat, Frederick Proctor was riding on the right front seat and the car as it approached the curve and at the time of the collision was traveling approximately 35-40 miles per hour. The three people in the car testified that as they were approaching and were about at or in the curve, the headlights of a car coming from the opposite direction blinded them and that " shortly" — " immediately" — " almost at the same time" — there was crash. The defendant driver admitted that the lights of the oncoming car blinded him and that he pulled to the right. There is no dispute as to the manner and method in which the automobile of the defendant was being operated at the time of the collision. So far as the town is concerned, there is a serious dispute concerning a shoulder along the east side of the road, there being testimony from various witnesses, including one of its witnesses, that for a distance of approximately 100 feet south of the stump there was a shoulder level with the road and about a foot or foot and a half wide. The location of the stump as to its proximity to the road was estimated as being from 26 inches to 2 to 3 feet and that it was elevated above the road from 1 to 2 feet. All of the parties exhibited pictures of the scene of the accident showing the location of the stump from different directions and angles. The defendant witness Wilson identified plaintiff's Exhibit 15 as correctly showing the stump and that 6 feet south the shoulder banks and raises off the macadam. This witness also testified that on the night of the accident he observed some skid marks which he described as starting at the stump and going about 100 feet along the east shoulder of the road and which he outlined on defendant town's Exhibit F, and additional marks on the southerly lane on the west side of the highway 30 to 40 feet south which he outlined on plaintiff's Exhibit 1, all of which markings on these and the various other exhibits the jury had a right to consider in determining the factual issues. The question then is the predication of negligence by the verdict of the jury as to the Town of Colonie. There is no dispute that if the stump created a hazardous condition for which the town was liable, it was done by their own act when the tree was removed. While the question has not been raised, this constituted notice in accordance with subdivision 1 of section 215 of the Highway Law. This was a sharp and dangerous curve, the width of the road and shoulders was variable approaching and in the curve and there were no signs to reduce speed. This is the testimony of all the witnesses in varying forms and degrees and is demonstrated silently but effectively by the photographs of the respective parties. In these days of constant, continuous and congested vehicular traffic, the duties and responsibilities of a town

(receiving State aid, Highway Law, § 284) in the repair and improvement of its system of roads require reasonable care and the foreseeability of a dangerous condition, particularly if caused or created by its own act. In 1909 (*Sweet* v. *Perkins,* 196 N. Y. 482) an approaching automobile frightened the horse of plaintiff causing the attached wagon to swerve to the side of the road into a pile of muck placed there by the defendant, tipped the wagon over and injured the plaintiff. The question of whether the pile of muck or the automobile or both caused the accident resulted in the court saying at page 485: " If the negligent acts of two, or more, persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation? (*Ring* v. *City of Cohoes,* 77 N. Y. 83; *Leeds* v .*N. Y. Tel Co.,* 178 ib. 118)." In the same case with reference to the use of the highway, the court said at page 486: " The whole of the highway, as laid out and appropriated, is for the public use, and it is immaterial that but a part of it has been worked by the authorities. The rule relating to encroachments on highways is not confined in its operation to the track beaten by travelers; it embraces all parts of the highway (See *Tinker* v. *N. Y. O., & W. Ry Co.,* 157 N. Y. 312; *Callanan* v. *Gilman,* 107 ib. 360; Wood's Law of Nuisances, sec. 248; Penal Code, sec. 385.) " (*Shaffer* v. *State of New York,* 256 App. Div. 1053.) In *Trabisco* v. *City of New York* (280 N. Y. 776), the plaintiffs were passengers in an automobile which collided with a pole owned and maintained by the defendant Staten Island Edison Company. The accident happened on a sharp left turn where the asphalt portion was 18 feet in width with six inches of Belgian blocks on each side, beyond which was a dirt shoulder a few inches below the level of the pavement and the pole in question was about two feet from the edge of the pavement. So far as the city was concerned, there was evidence that the Belgian blocks were in a loosened condition, that they shifted under the weight of his automobile causing it to dip down partly to the dirt shoulder and that in attempting to get back on to the asphalt portion of the road, he sideswiped the pole. The order of the Appellate Division (*Trabisco* v. *City of N. Y., supra*) reversing on the law the judgment in favor of the plaintiff was reversed in the Court of Appeals with the following comment: " *We think the issues of negligence and proximate cause were for the jury.*" (Emphasis supplied.) *Williams* v. *County of Saratoga* (291 N. Y. 782) involved the question of a curve to the left and that the automobile driven by the plaintiff's intestate failed to make the curve at nighttime, went off onto the right shoulder of the road and struck the trees on the right which were close to the macadam. While in this case there was evidence of prior accidents, the trees were not part of the shoulder of the road although close to the macadam. A verdict in favor of the plaintiff was affirmed. In *Goodwin* v. *State of New York* (298 N. Y. 873) the driver recovered under circumstances somewhat analogous to the present. It seems to me in the present case from an examination of the testimony of the witnesses and the various exhibits presented by all of the parties that a question of fact as to town's negligence was presented particularly as to whether the stump was part of the shoulder of the road. I reiterate defendant's own witness described the shoulder along the east side of the road south and approaching the stump and constantly referred to various exhibits as correctly showing the condition as it existed thereon. The charge of the court as to the duties and responsibilities of all of the parties was complete in every detail and there were no exceptions or requests to charge by any of the counsel for the respective parties. Negligence and proximate cause so far as the town was concerned, under the circumstances, were questions of fact for the jury. In my opinion, the judgment and order should be affirmed.