EDWARD L. KINNE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33178.)— The State appeals from a judgment of the Court of Claims which awarded damages for personal injuries and property damage to claimant. On February 25, 1955, claimant was driving his automobile in a northerly direction on State Highway Route 17-B at about 11:20 P.M. He testified that an unidentified car coming toward him around a curve was 75% over on his side of the road, with undimmed lights, and that he was forced to turn to his right and struck a tree located on or near the shoulder of the highway. The paved portion of the highway at the scene of the accident is 20 feet in width, consisting of two lanes of 10 feet each, separated by white lines. Claimant testified that the over-all width of the highway was 49 feet, and that a maple tree, 20 inches in diameter, was located three feet from the east edge of the pavement. Photographic exhibits show that the tree was growing in a grassy area beyond the graveled shoulder. The sole negligence alleged against the State is the very existence of the tree at that location, and the court below has found the State negligent in failing to remove the tree. Claimant was very familiar with the road in question, and of course it is obvious that the tree in attaining a diameter of 20 inches had been there for many years. When the State provides an unobstructed pavement reasonably adequate to accommodate traffic it is permissible for it to use the remaining land within the boundary lines of the highway for other useful purposes. It is frequently required to place guard rails, culverts and drainage ditches in close proximity to the pavement. Trees enhance the beauty of highways, and serve a useful purpose. A paved highway of 20 feet in width is adequate for public travel, and travel upon other lands within the State highway limits is not contemplated. A driver who is forced to leave the paved portion of the highway by the misconduct of some other driver would be as likely to hit a tree 10 feet or more from the pavement as he would one closer. Carried to its logical conclusion, the theory of negligence applied to this case would require that the State cut and remove every tree located within the extreme highway limits along every State highway in the State of New York, or permit them to remain at its peril of being subject to damages. This would impose an intolerable burden upon the State. (*Rafferty* v. *State of New York*, 261 App. Div. 80.) It would seem that the sole proximate cause of this accident was the conduct of the other driver in occupying 75% of the wrong lane, but in any event, we think the claimant has failed to establish that the State was negligent or that any act or omission on the part of the State was the proximate cause of his damages. Judgment reversed and claim dismissed, without costs. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.