OPINION OF THE COURT
Cooke, J.
Buffalo Street is a lightly traveled, east-west, two-lane roadway traversing a sparsely populated section of the Town of Union in Broome County. The macadam pavement is approximately 22 feet wide, with a shallow storm-water drainage ditch flanking both sides. On its southerly side, a driveway, built over a 15-inch sluice pipe in the drainage ditch, connects Buffalo Street with the Serowik home. The Serowiks had erected a stone wall and earthen embankment immediately adjacent to the drainage ditch and sluice pipe. An attractive flower garden adorned the embankment.
On the afternoon of September 24, 1972, the flowers were in bloom. It had rained earlier in the day but visibility was good although the roadway was wet. An automobile, owned by Alfred Tanzini and driven by his wife, was proceeding in a Westerly direction along Buffalo Street. By her own admission, Mrs. Tanzini was not paying careful attention to her driving. She had just realized that she had driven past an intersecting road leading to her destination when her attention was drawn and affixed to the flower bed on the Serowik property. At the same time, an automobile owned and driven by Louis Forbidussi with passengers Ettore Tomassi and Robert Corwin was proceeding easterly on Buffalo Street at what was, according to one witness, an excessive rate of speed. By the time Mrs. Tanzini saw the approaching vehicle there was little she could do to avoid the impending collision. Forbidussi, too, took no defensive steps until impact was unavoidable, although he had the Tanzini vehicle in sight within ample time to avoid the accident. The impact from the resulting collision in the eastbound lane of the roadway forced the Forbidussi vehicle into the ditch where it hit the right bank. From there the car struck the stone wall adjacent to the ditch, careened into the sluice pipe and came to rest against the driveway and pipe.
A jury found in favor of plaintiffs Tomassi and Corwin, apportioning 50% of the liability against Tanzini, 25% against Forbidussi and 25% against the Town of Union. The single *97 issue we address on this appeal is whether the town may be held to answer in damages for permitting the ditch to exist on the sides of Buffalo Street. The theory of plaintiffs’ case against the town is that the construction of the ditch in such close proximity to the pavement constituted a hazard to motorists which was the cause of their injuries. Viewing the evidence, as we must, in a light most favorable to plaintiffs (Commisso v Meeker, 8 NY2d 109), we hold that there are no grounds upon which the liability of the town may be properly predicated.
A municipality, of course, is not an insurer of the safety of its roadways. The design, construction and maintenance of public highways is entrusted to the sound discretion of municipal authorities and so long as a highway may be said to be reasonably safe for people who obey the rules of the road, the duty imposed upon the municipality is satisfied (Annino v City of Utica, 276 NY 192, 196; Boyce Motor Lines v State of New York, 280 App Div 693, 696, affd 306 NY 801). The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered, fiscal practicality and a host of other criteria (see, generally, Liability of Governmental Entity or Public Officer for Personal Injury or Damages Arising out of Vehicular Accident Due to Negligent or Defective Design of a Highway, Ann., 45 ALR3d 875, and cases cited therein; cf. Weiss v Fote, 7 NY2d 579).
Undoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as utility poles, drainage ditches, culverts, trees and shrubbery are often in close proximity to the traveled right of way (see Hayes v Malkan, 26 NY2d 295, 297). But for the careful driver, the placement of these items near the pavement creates no unreasonable danger. Often they simply enhance the beauty of the highway, prevent the flooding of roadways and serve the needs of area residents. This paved roadway, 22 feet in width, is more than adequate for safe public passage, and travel beyond those limits is neither contemplated nor foreseeable (Kinne v State of New York, 8 AD2d 903, affd 8 NY2d 1068; Proctor v Town of Colonie, 6 AD2d 967, affd 8 NY2d 952). To be sure, any public roadway, no matter how careful its design and construction, can be made safer. Indeed, plaintiffs’ expert witness testified that the town should have posted signs warning motorists of *98 the drainage ditch, painted center lines on the roadway and eliminated the ditch by installing shoulders. We decline, however, to impose a duty upon the town which transcends that imposed by reasonable care and foresight — resulting in conversion of the town into an insurer of the safety of its highways.
Moreover, the steps the town could have taken to safeguard against unforeseeable risks have no bearing on the question of its liability to these plaintiffs. Quite simply, even if it can be said that the Town of Union was negligent in the design, construction or maintenance of Buffalo Street, the record is devoid of any evidence establishing that such negligence was the proximate or concurring cause of the accident. On the contrary, the evidence most favorable to plaintiffs’ theory of liability compels the conclusion that the sole cause of the accident was the negligence of Forbidussi and Tanzini, which the prevailing weather and visibility conditions at the time of the accident served but to enhance. Had either driver been cognizant of approaching traffic or have taken even minimal action to avoid the collision there would have been no accident. Neither would the adoption of the recommendations of plaintiffs’ expert witness serve any useful purpose since it is clear beyond peradventure that the accident was caused by the failure of Forbidussi and Tanzini to observe the rules of the road (Hicks v State of New York, 4 NY2d 1, 7-8; Applebee v State of New York, 308 NY 502, 507-508; Ellis v State of New York, 16 AD2d 727, affd 12 NY2d 770; Kinne v State of New York, 8 AD2d 903, affd 8 NY2d 1068, supra; Proctor v Town of Colonie, 6 AD2d 967, affd 8 NY2d 952, supra). In sum, there is nothing in this record to warrant a conclusion that reasonable care required the town, at the pain of civil liability, to provide more safeguards to prevent motor vehicles leaving the roadway than it had done.
Accordingly, the orders of the Appellate Division should be modified, with costs to defendant Town of Union in all courts against plaintiffs and with costs to plaintiffs in this court only as to the other defendants, by dismissing the complaints against defendant Town of Union and remitting the case to Supreme Court, Broome County, for reapportionment of liability and, as so modified, affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
*99 Orders modified, with costs to defendant Town of Union in all courts against plaintiffs and with costs to plaintiffs in this court only as to the other defendants, by dismissing the complaints against defendant Town of Union and remitting the case to Supreme Court, Broome County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.