■ IRWIN R. GUTELLE et al. v CITY OF NEW YORK. — Upon the court's own motion, the order of this court entered on February 10, 1981 [80 AD2d

516] is resettled as indicated in the order of this court, the memorandum decision filed therewith recalled and the following memorandum decision substituted therefor: Judgment, Supreme Court, New York County, entered May 27, 1980, granting defendant's motion for summary judgment and dismissing the complaint for failure to state a cause of action, reversed, on the law, and defendant's motion to dismiss denied, without costs and without disbursements. This is an action for damages for personal injuries resulting from the alleged negligence of defendant-respondent City of New York in erecting, maintaining and controlling a concrete abutment on the median divider separating FDR (East River) Drive from a parallel service road which channels east-bound traffic at the end of East 109th Street in Manhattan. On July 15, 1972, plaintiff-appellant Irwin R. Gutelle was driving his vehicle at about 40 to 45 miles per hour in the extreme right southbound lane of FDR Drive approaching East 109th Street, when his vehicle was struck from behind by another vehicle causing plaintiff's vehicle to mount the abutment. Plaintiff claims that it was the impact with the abutment, not with the striking vehicle, that caused his injuries. Special Term determined that because the cause of the accident was undisputed, its inquiry was limited to the determination of whether defendant city's legal responsibility extended to Mr. Gutelle's injuries. For the purpose of deciding the motion, the court assumed the negligence of the city in design, location and maintenance of the abutment and then ruled that, as a matter of law, the city could not be held liable for either the proximate cause of the accident nor for concurrent negligence if Mr. Gutelle's injuries were found to be aggravated by impact with the offending abutment. The court specifically relied on *Tomassi v Town of Union* (46 NY2d 91), to disavow any municipal liability in such a situation. The Court of Appeals in that case, as it has in numerous others cited by Special Term and defendant, determined that travel beyond the paved roadway is neither contemplated nor foreseeable, and that a municipality would not be held liable when the accident was caused solely by "the failure of [the drivers] to observe the rules of the road" *(Tomassi v Town of Union, supra,* p 98). In addition, Special Term rejected plaintiff's contention that the question of proximate cause was an issue of fact. Recent cases are clear that the question of whether an object near the paved roadway creates an unreasonable danger for travelers on the highway, is not one for the trier of fact when the accident is due solely to the negligence of a driver. *(Darling v State of New York,* 16 NY2d 907; *Kinne v State of New York,* 8 AD2d 903, affd 8 NY2d 1068; see, also, *Hayes v Malkan,* 26 NY2d 295.) This court's disagreement with the decision at Special Term arises from the contention of appellant that his injuries were aggravated by his impact with the abutment and, therefore, the city should be liable for concurrent negligence. He relies primarily on dictum in *Stuart-Bullock v State of New York* (33 NY2d 418, 421), wherein the Court of Appeals, after finding no negligence on the part of the State in not erecting a median barrier, went on to state that although the State's omission did not cause the vehicle to leave the roadway, "such failure might have been a substantial factor in aggravation of the injuries. In that event, had there been proof of such causation, and, of course, of negligence, the State would have been liable." (Cf. *Spier v Barker,* 35 NY2d 444, 450.) Special Term did not find this argument valid, noting that it was raised before the Court of Appeals in *Tomassi v Town of Union (supra,* p 95), and therefore was impliedly rejected. Our view of the record before us is that in this factual situation plaintiff Gutelle should not have been barred from presenting evidence to the trier of fact on this issue. The matter is not sufficiently free from

doubt to warrant foreclosing the plaintiff. (See *Ugarriza v Schmieder,* 46 NY2d 471, 474.) Present — Kupferman, J. P., Birns, Fein, Sandler and Lupiano, JJ. All concur except Birns and Lupiano, JJ., dissent and would affirm on the opinion of Shea, J., and Fein and Sandler, JJ., concur in a memorandum by Sandler, J., as follows:

Sandler, J. (concurring). I agree with the court that factual issues are presented that preclude the granting of summary judgment dismissing the complaint. In reaching the contrary conclusion Special Term understandably relied on the opinion of the Court of Appeals in *Tomassi v Town of Union* (46 NY2d 91). Although there is language in that opinion that appears to support Special Term's conclusion, I doubt that the Court of Appeals intended to establish the sweeping exemption from liability inferred by Special Term. In *Tomassi,* the impact of a collision between two vehicles forced the car in which plaintiffs were passengers into a storm-water drainage ditch flanking the roadway, where it hit a bank and then careened into a sluice pipe in the ditch. In addition to entering a verdict against the drivers, the jury also found in favor of the plaintiff passengers against the Town of Union on the view that the construction of the ditch in close proximity to the roadway constituted a hazard to motorists. The Court of Appeals modified and dismissed the case against the town. The opinion reveals a number of circumstances that sharply distinguish the *Tomassi* case from the situation presented on this appeal. The accident occurred on what the opinion described as "a lightly traveled, east-west, two-lane roadway traversing a sparsely populated section of the Town of Union in Broome County." The irrigation ditch clearly served a valuable function. Although not detailed in the opinion, the court alluded to the fiscal practicability of relocating the ditch to avoid the remote danger inherent in its location. And, finally, the court noted that there would have been no accident had either driver "taken even minimal action to avoid the collision." This case involves a concrete abutment not shown in the record to serve any useful purpose. It is located immediately adjacent to a heavily traveled highway. The plaintiff driver was forced off the road by another vehicle without any suggestion that he himself was negligent. Nor can it be persuasively urged that it was not reasonably foreseeable, indeed predictable, that vehicles might from time to time be forced off the road resulting in damage and injury as a result of the abutment's placement. Under these circumstances, strikingly different from those that confronted the Court of Appeals in *Tomassi,* the issue of proximate cause presents a jury issue. (See Prosser, Torts [4th ed], pp 274-275; *Pagan v Goldberger,* 51 AD2d 508, 511-512.) Resettled order signed and filed.