■ Helen M. Puliatti, Individually and as Guardian ad Litem of Keith W. Irwin, Appellant, v State of New York, Respondent. (Claim No. 59646.) — Judgment unanimously affirmed, without costs. Memorandum: The evidence established that claimant Keith Irwin, a young man in good physical condition, driving a vehicle with new tires and functional brakes, was on his way to work on a State highway, Route 81, with which he was familiar, when his vehicle deviated from the far left lane of this three-lane highway, careened across two lanes of traffic to his right and struck a bridge railing at a nearly 90-degree angle, plummeting through the railing to the ground below. The cause of this bizarre and tragic accident is unexplained as Keith Irwin has remained in a comatose condition since the date of the accident on October 5, 1973. In this nonjury trial the court found that the State was negligent in failing to replace the original bridge rail with one providing greater safeguards but dismissed the action because he found that the State's negligence was not the proximate cause of claimant's injuries and also that claimants had failed to prove freedom from contributory negligence. The section of highway on which the accident occurred was designed in 1957 and completed in 1959. The guardrail in question was discontinuous steel tubing bolted to a concrete curb. Even claimants' expert testified that the design of the guardrail was standard when it was installed in 1957. In his opinion, however, a rail sufficiently strong to withstand the type of impact made by claimants' vehicle was available and had been available at the time this rail was installed. However, an engineer for the State testified that, although a study completed in 1967 indicated that a safer design was available, the State adopted a policy that the newer railing would be installed on new bridges but that old rails would not be replaced until a bridge was ready to be rehabilitated. Priorities were established as to locations at which newer railing would be installed, taking into consideration frequency of accidents, road curvature, speed limit, bridge height and fiscal considerations. Bridges in excess of 50 feet and areas where the speed limit was 65 miles per hour were given higher priority. The height of the bridge at the site of the accident was 27 feet and the speed limit was 50 miles per hour. There was no history of accidents at this location. This witness testified that of the approximately 1,000 bridges in the State with the older type of railing, only 100 to 150 railings had been replaced between 1967 and 1973 because of budget austerity. The State has a duty to construct and maintain its highways in a reasonably safe condition (Tomassi v Town of Union, 46 NY2d 91). Under the familiar doctrine articulated in Weiss v Fote (7 NY2d 579, 589), "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis". Without such proof, a design or plan formulated in the exercise of governmental discretion may not give rise to liability in negligence (see Tomassi v Town of Union, supra; see, also, Atkinson v County of Oneida, 77 AD2d 257). Although there is a continuing obligation to review such plans and designs in the light of actual operation (Weiss v Fote, supra), it is proper to take into account such factors as traffic conditions, the nature of the highway, fiscal practicality, and a variety of other criteria (see Gutelle v City of New York, 55 NY2d 794; see, also, Tomassi v Town of Union, supra). We concur with the Court of Claims finding that the plaintiff was contributorily negligent. We differ, however, with its finding that there was evidence of negligence on the part of the State. Assessing the evidence adduced at trial, we find insufficient basis on which to determine that the State was negligent in failing to replace the guardrail. To

the contrary, it appears that the State was on notice, not that the guardrail was unsafe, but merely that there was a better rail in existence which it was attempting to install as quickly as practicable. *Zalewski v State of New York* (53 AD2d 781), relied on by claimants, is inapposite. There the evidence established, and in fact the State conceded, that the cast aluminum alloy bridge posts were extremely brittle and would not absorb and distribute impact. The court found that the plans for that rail were approved without adequate prior study and were subsequently demonstrated to be dangerous. It was thus entirely consistent with the doctrine of *Weiss v Fote* (7 NY2d 579, *supra*) to find liability on the part of the State in not replacing those dangerous bridge posts in a hazardous location. (Appeal from judgment of Court of Claims, Lowery, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.