■ DEMETRIOS D. KTENAS, Respondent, v NANCY J. PILLAR, Respondent, and TOWN OF ROTTERDAM et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered September 2, 1983 in Schenectady County, which denied motions by defendants Town of Rotterdam and County of Schenectady for summary judgment dismissing the complaint. ¶ Defendants Town of Rotterdam and County of Schenectady appeal from a denial of their respective motions for summary judgment to dismiss the complaint as to each of them. Plaintiff and defendant Nancy J. Pillar were involved in a motor vehicle accident on January 4, 1981 at about 9:30 P.M. at the intersection of Altamont Avenue and Crane Street in the Town of Rotterdam, Schenectady County. At that time, plaintiff was proceeding southerly on Altamont Avenue and defendant Pillar was going northerly on the same avenue when defendant Pillar attempted to make a left-hand turn onto Crane

Street. A traffic light located at this intersection had been turned off at the time of the accident due to a malfunction, which had also occurred on prior occasions. The State Department of Transportation was notified of the failure at about 8:29 P.M. on the date of the accident. A department electrician arrived at the scene at approximately 9:40 P.M. to repair it, after the accident had already occurred. ¶ In his complaint, plaintiff attempts to impose liability on the county and town for failing to properly maintain the light or to provide other means of traffic regulation at the intersection. On this appeal from the orders denying their motions for summary judgment, both municipalities claim that they owed no duty to plaintiff since the State owned and maintained the signal, and, additionally, that the failure of the signal to function was not a proximate cause of the accident. ¶ We disagree with the determination of Special Term in regard to both motions. As to the county, there is nothing in this record that suggests that it had any control or knowledge, actual or constructive, of the failure of the traffic signal or that it owned or maintained it in any way. Plaintiff has failed to show what duty the county breached as to him, and, accordingly, his complaint against the county is insufficient in law and should have been dismissed. ¶ In regard to the liability of the town, a similar result should prevail, but for different reasons. There has been no indication here that the light in question would have contained a green arrow for traffic turning left onto Crane Street from Altamont Avenue, if the light had been operating. If it did, it could possibly be concluded that defendant Pillar would have been permitted to turn left on the arrow at a time separate and apart from plaintiff's proceeding through the intersection. If that were the case, the failure of the light could possibly have been found to be a proximate cause of the accident. However, since this was just an ordinary traffic light with no special signals, the same signal would appear to both drivers as they proceeded in opposite directions on Altamont Avenue. If the light were red, both drivers would have been required to stop. If the light were green, it would have been green for both and each would have had to exercise the same degree of care to proceed as they were required to exercise without the light. Therefore, there is no evidence from which a fact finder could reasonably conclude that the failure of the traffic light was a proximate cause of the accident. On the contrary, the accident was attributable solely to the inattention and negligence of either or both of the drivers (see *Tomassi v Town of Union,* 46 NY2d 91, 97-98). Furthermore, when it was discovered that the light was not functioning the town police notified the State Department of Transportation promptly and its electrician arrived at the scene in timely fashion, albeit, after the happening of the accident. ¶ For these reasons, the order of Special Term should be reversed and the motions of both the County of Schenectady and the Town of Rotterdam for summary judgment should be granted. ¶ Order reversed, on the law, with costs, motions by defendants County of Schenectady and Town of Rotterdam granted, and complaint dismissed as to those defendants. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.