SECOND DEPARTMENT, JULY, 1989

(July 3, 1989)

■ PATRICIA ALBERTI et al., Respondents, v JAMES RYDILL et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, the defendants James and "Jane" Rydill and the Town of Islip separately appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered March 16, 1987, which denied their respective motions for summary judgment dismissing the complaint as against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted and the complaint is dismissed as against the appellants.

At about 1:40 A.M. on July 2, 1983, the plaintiff Patricia Alberti (hereinafter the plaintiff) was operating her motor vehicle on Lake Street in the Town of Islip when she was caused to drive off the road as a result of either her own inattentiveness or the negligence of the driver of an oncoming vehicle which had encroached upon her side of the road. Her vehicle left the traveled portion of the 50-foot-wide roadway striking a 2-foot-high tree stump located some 2½ to 3 feet off the paved highway.

Thereafter, the plaintiff commenced this action sounding in negligence to recover damages for the injuries she sustained as a result of the impact. The defendants are James and "Jane" Rydill, the owners of the home located directly across

the street from the tree stump, who caused the tree to be cut down and the stump to remain, the Town of Islip and the County of Suffolk, the alleged owners of the highway and the property on which the stump was located. The allegations of negligence made against the Rydills focused on their "carelessness" in cutting down the tree, i.e., "in such a manner as to cause a large stump to remain at the side of the road, which stump was allowed to become overgrown with grass, weeds, etc. in such a manner as to obscure its location and existence at the time of the occurrence" and that, as a result, the plaintiff sustained injuries. The Rydills were further alleged to be negligent in parking their car in front of their home "so as to narrow the street in question [and causing] plaintiff's vehicle * * * to strike a tree stump at the side of said road, directly across from the defendants' premises". It was alleged that both the Town of Islip and the County of Suffolk were the owners of the property located directly across from the Rydill home and that they "carelessly, negligently, improperly and defectively designed the aforementioned roadway in such a manner as to allow a tree stump to remain adjacent to said roadway, concealed by grass so as to present a trap as same could not readily be seen by plaintiff and others traveling on said roadway".

Following the completion of certain pretrial discovery, the defendants Rydill moved for summary judgment dismissing the complaint as against them, asserting that, taking the plaintiff's claims as true, they nevertheless fail to state a basis for liability on the part of the Rydills. As to the claims regarding the presence of the tree stump, the Rydills argue that they were under no duty to remove the stump and that, in any event, it was not the presence of the stump which caused the accident, but rather the negligence of either the plaintiff or a third party. With respect to the claim that the Rydills were negligent in parking their car in front of their home, they assert that the deposition testimony of Samuel Anzel, Administrator of the Department of Public Works of the defendant Town of Islip, establishes that the road was 50-feet wide at the site and that therefore, the plaintiff had ample space to negotiate the road.

The Town of Islip separately moved to dismiss the complaint as against it on the basis of an affidavit executed by Anzel stating, *inter alia,* that the portion of Lake Street upon which the accident occurred was not owned by the town.

The plaintiff's papers in opposition to the Rydills' motion consisted merely of the claim that the Rydills' actions "clearly

evidence negligence [and that] [a]t the very least, there are issues of fact for a Judge and/or Jury to decide". The town's motion went unopposed.

The Supreme Court denied the motions, finding that issues of fact existed which precluded the awarding of summary judgment.

Under the factual scenario presented, the Rydills may not be held liable as the element of causation is lacking. We hold, as a matter of law, that the accident in this case was caused by the negligence of the driver and that the proximity of the tree stump to the highway did not create an unreasonable danger to travelers *(see, Hyde v County of Rensselaer,* 51 NY2d 927; *Tomassi v Town of Union,* 46 NY2d 91; *Darling v State of New York,* 16 NY2d 907).

As the New Hampshire Court of Appeals aptly observed in rejecting the claim that the owners of land adjacent to a highway were liable for their alleged negligence in leaving a three-foot-high tree stump six feet from the edge of the highway when the vehicle in which the plaintiff was a passenger left its lane of travel and collided with the stump:

"The defendants' conduct in removing the deteriorated tree and leaving a stump in its place did not involve an unreasonable risk to users of the highway. The tree stump had no greater propensity to cause harm to users of the highway in the ordinary course of travel than did the tree * * *. [T]he risk of impact with the object existed whether there was a tree or stump at the location; the foreseeability of this hazard has no tendency toward imposition of a duty to refrain from cutting down the tree and permitting a stump to be maintained in its place.

"Construing plaintiff's complaint most favorably it could be contended that the risk created by defendants' conduct was to reduce the visibility of the object. But even assuming that the obstacle now became less visible, this would not contribute to its propensity to cause harm. The stump was not hazardous because it presented a hidden trap to those who stray from the highway * * *. It was dangerous only to travelers six feet off the highway encountering it at sufficient speed to be injured by the impact, to whom the diminished visibility of the object would in most cases be irrelevant. We are not prepared to say that defendants' conduct introduced a risk that was appreciable enough to be foreseen and that would give rise to a duty to avoid" *(Paquette v Joyce,* 117 NH 832, 835-836, 379 A2d 207, 209).

The record reveals that it was the negligence of either the plaintiff in operating her motor vehicle or a third party which was the competent producing cause of the accident and not the location or condition of the tree stump *(see, Hyde v County of Rensselaer, supra,* at 929-930; *Tomassi v Town of Union, supra,* at 98; *Kinne v State of New York,* 8 AD2d 903, *affd* 8 NY2d 1068). Hence, dismissal of this claim is warranted.

The claim challenging the Rydills' parking of their automobile, which, we would observe, finds no basis in violation of either statute or ordinance, is also subject to dismissal on the basis that the road was, as a matter of law, sufficiently wide so as to permit unrestricted access even with the automobile parked on it *(see, Tomassi v Town of Union, supra,* at 97; *Kinne v State of New York,* 8 AD2d 903, *supra).*

We reject the Town of Islip's argument that it cannot be held liable to the plaintiffs in light of the fact that it owned neither the roadway upon which the plaintiff's automobile was traveling nor the land upon which the tree stump was located, for it was not conclusively established that, despite its non-ownership of the property, the town did not exercise control over the road or responsibility for its maintenance *(see, Sewell v City of Cohoes,* 75 NY 45; 4B Warren, Negligence in New York Courts § 7.03, at 264-265 [3d ed 1967]). However, inasmuch as we have determined as a matter of law that the paved portion of the road in issue was sufficiently wide for safe public passage, making "travel beyond those limits * * * neither contemplated nor foreseeable" *(Tomassi v Town of Union, supra,* at 97), we conclude that the plaintiff has failed to establish that the town was negligent or that any act or omission on the part of the town was a proximate cause of her damages *(see, Ellis v State of New York,* 16 AD2d 727, *affd* 12 NY2d 770; *Kinne v State of New York,* 8 AD2d 903, *supra),* and summary judgment is warranted. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.