■ RONALD L. THOMPSON et al., Appellants, v COUNTY OF PUTNAM, Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated January 27, 1989, as (1) granted the defendant's motion for summary judgment dis-

missing the action, and (2) denied that branch of the plaintiffs' motion which was for leave to serve a second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is denied, that branch of the plaintiffs' motion which was for leave to serve a second amended complaint in the form annexed to their motion papers is granted to the extent of permitting service of a second amended complaint omitting the allegations contained in clauses (k), (r), (s) and (t) of paragraph 15 of the proposed "second amended complaint" within 20 days after service upon them of a copy of this decision and order, with notice of entry.

On December 22, 1985, the plaintiff Ronald L. Thompson sustained severe personal injuries when his car skidded on Peekskill Hollow Road, and went off the highway and up the side of a hill, eventually striking a low tree stump located within the defendant county's right-of-way. This accident occurred about 50 feet west of the intersection of Peekskill Hollow Road and Seiffert Lane. In the instant action, commenced in February 1987, the plaintiffs alleged in their first amended complaint, *inter alia,* that the defendant county was negligent in "permitting, causing, and/or creating icy and dangerous conditions".

The proposed second amended complaint alleges, *inter alia,* that the defendant county "caused and/or created a dangerous and slippery roadway through the * * * excessive and/or improper application of sand and/or salt to the area of the roadway involved in this accident", that the defendant county "caused, created and allowed said roadway * * * to become and/or remain in a dangerous condition", that the defendant county permitted a "huge boulder to be and remain within the radius of a curve which obstructed the vision of motorists", and that the defendant county was negligent in permitting and allowing stumps of felled trees to remain within defendant's right-of-way, creating a roadside hazard.

Before the completion of discovery, the defendant county moved in November 1988 for summary judgment on the ground that the plaintiffs failed to comply with Local Laws, 1983, No. 6 of the County of Putnam requiring prior written notice of a defect as a precondition to liability. In support of the motion, the defendant county submitted affidavits from the Clerk of the Putnam County Legislature and the Commissioner of the Putnam County Department of Highways and Facilities attesting to the plaintiffs' failure in this regard.

The plaintiffs' failure to comply with the county's prior written notice requirement does not necessarily absolve the county of liability since that requirement is applicable only to the allegations set forth in the first amended complaint regarding the icy road condition and to those allegations in both the first amended and the proposed second amended complaint relating to the defendant county's failure to, among other things, investigate, discover and remove dangerous road conditions *(see, Hughes v Jahoda,* 75 NY2d 881; *Buccellato v County of Nassau,* 158 AD2d 440). However, the allegations set forth in the proposed second amended complaint concerning the defendant county's negligence in causing and creating dangerous roadway conditions, including but not limited to, permitting a huge boulder to be and remain within the radius of a curve in combination with improper and/or excessive sanding on that part of said roadway and the existence of stumps of felled trees within defendant's right-of-way alongside the roadway allege affirmative acts of negligence by the county and do not describe the type of nonfeasance which would preclude a finding of liability in the absence of prior written notice *(see, Hughes v Jahoda, supra; Camera v Barrett,* 144 AD2d 515; *Turco v City of Peekskill,* 133 AD2d 369).

This case is distinguishable from our recent case of *Alberti v Rydill* (152 AD2d 520). In *Alberti,* the plaintiff was operating her motor vehicle when she was caused to drive off the road as a result of either her own inattentiveness or the negligence of an oncoming vehicle which had encroached upon her side of the road. Her vehicle left the traveled portion of the 50-foot-wide roadway striking a two-foot-high tree stump located some 2½ to 3 feet off the paved highway. Unlike the case at bar, the complaint did not allege that there was any defect in the paved portion of the road which caused her to leave the pavement and strike a tree stump located off the paved road.

The plaintiffs' proposed second amended complaint and bill of particulars in this case clearly set forth claims against the defendant county which raise questions of fact as to whether the paved portion of the road in issue was sufficient for safe public passage, and therefore whether travel beyond its limits was foreseeable. We also note that the record before us does not permit us to conclude, as a matter of law, that it was the acts of either of the plaintiffs or some third party other than the defendant county which were the "competent producing cause of the accident" *(cf., Hyde v County of Rensselaer,* 51 NY2d 927; *Alberti v Rydill, supra).*

Finally, we find that the Supreme Court denied that branch

of the plaintiffs' motion which was for leave to serve a second amended complaint on the improper ground that the prior written notice requirements would still apply to all the allegations in the proposed second amended complaint. Since leave to amend should be freely given upon such terms as may be just *(see,* CPLR 3025 [b]), that branch of their motion should have been granted but those allegations set forth in clauses (k), (r), (s) and (t) of paragraph 15 stating, in general terms, that the defendant county was negligent in failing to undertake measures to discover and correct road defects, allege acts of omission on the part of the defendant county of the type that the local law requiring prior written notice was meant to exempt the county from liability. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.