■ PAMELA J. MCKENNA, as Administratrix of the Estate of ANDREW J. MCKENNA, Deceased, Appellant, v RAPHAEL GARCIA et al., Respondents.—In a negligence action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated September 28, 1990, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 30, 1986, at approximately 11:30 P.M., an automobile operated by Joseph Oms and occupied by the plaintiff's decedent, Andrew J. McKenna, struck a utility pole and a mailbox on Burda Avenue in New City, Town of Clarkstown. The vehicle proceeded through the intersection of Burda Avenue and Red Hill Road which was governed by a stop sign, and ended up on the defendants' property where it struck a boulder and subsequently stopped on its side between two trees. The boulder which the vehicle struck was also partly on property owned by the Town of Clarkstown.

We find that the Supreme Court properly dismissed the complaint. It is well settled that in order for a plaintiff to prevail on a claim of common-law negligence there must first be a legal duty owed by the defendant to the plaintiff (see, Krinick v Sharac Rest., 144 AD2d 440; Pulka v Edelman, 40

NY2d 781). Moreover, foreseeability of harm is alone not enough *(see, Krinick v Sharac Rest., supra,* at 440).

Upon our review of the record, we discern no basis upon which the liability of the defendants may be legally predicated. The question of whether a duty exists must be analyzed in light of, among other things, relevant policy concerns, including the likelihood of the injury, the scope of the burden to be imposed in guarding against it, and the consequences of placing that burden on the defendants *(see, Eiseman v State of New York,* 70 NY2d 175). Under the circumstances presented it would be unreasonable to charge the defendants with the duty of removing the boulder. To impose such a duty would be to require the defendants to assume the burden of insuring the safety of any motorist whose automobile strays from the confines of the burden of the roadway and onto the defendants' property, an obligation which "transcends that imposed by reasonable care and foresight" *(Tomassi v Town of Union,* 46 NY2d 91, 98).

Even if we were to conclude that such a duty existed, we would nevertheless hold that the record failed to establish that the injury sustained constituted a foreseeable consequence of the defendants' conduct in failing to remove the boulder. The paved portion of Red Hill Road was sufficiently wide for safe public passage, making "travel beyond those limits * * * neither contemplated nor foreseeable" *(Tomassi v Town of Union, supra,* at 97; *Alberti v Rydill,* 152 AD2d 520).

In any event, the record establishes that it was the manner in which the automobile was being operated which was the proximate cause of the accident and not any conduct of the defendants in failing to remove the boulder *(see, Parks v Hutchins,* 162 AD2d 666, *affd* 78 NY2d 1049; *Alberti v Rydill, supra).* Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.