■ STACY J. STIUSO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [621 NYS2d 96] —In a negligence action to recover damages for personal injuries, the defendant City of New York appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered October 28, 1992, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $2,437,500.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed insofar as it is asserted against the appellant.

The trial record reveals that the plaintiff, Stacy Stiuso, suffered injuries when the car in which she was a passenger veered off Todt Hill Road into a drainage swale, and struck a tree. The driver of the car admitted that he directed his vehicle off the road to avoid striking an animal which had darted in front of his car. Ms. Stiuso commenced this action alleging, *inter alia,* that the City was negligent in creating a "crowning effect on the roadway surface such that [the roadway] was pitched into a depression on the shoulder", creating a hazard to vehicles. At the trial, the plaintiff's expert testified that the almost vertical drop-off on the side of the road was caused by the resurfacing of Todt Hill Road.

At the close of the plaintiff's case, the City moved for judgment as a matter of law based on the plaintiff's failure to prove a prima facie case. The motion was denied. At the close of all evidence, the City renewed its motion to dismiss, and again the motion was denied. When the jury returned a verdict in favor of the plaintiff, the City moved to set aside the verdict. That motion was also denied. Thereafter, a trial on the issue of damages was conducted and final judgment was entered in favor of the plaintiff.

It is well settled that a municipality has a duty to maintain its roadways in reasonably safe condition *(see, Bottalico v State of New York,* 59 NY2d 302), and a comparable duty exists if the municipality undertakes to provide a shoulder alongside the roadway *(see, Matter of Fasano v State of New York,* 113 AD2d 885). It is equally well settled that a municipality has no duty to maintain unimproved land adjacent to the roadway, where vehicular traffic upon such land is neither

contemplated nor foreseeable *(see, Tomassi v Town of Union,* 46 NY2d 91). In the instant action, it is undisputed that the drainage swale was not meant for vehicular travel, and that the automobile in which the plaintiff was a passenger was directed into the swale by the driver and not by any defect in the road. Since travel in the swale was neither contemplated nor foreseeable, the City had no duty to make such travel free of hazard, or to ensure that drivers who negligently entered the swale could safely return to the road *(see, Kinne v State of New York,* 8 AD2d 903, *affd* 8 NY2d 1068). Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.