■ TIMOTHY COLEGROVE et al., Respondents, v COUNTY OF STEUBEN, Appellant. [629 NYS2d 154] —Judgment unanimously affirmed without costs. Memorandum: Defendant, County of Steuben (County), appeals from a judgment entered upon a jury verdict in favor of plaintiffs, Timothy and Linda Colegrove. The jury awarded plaintiffs damages for personal injuries they sustained on November 30, 1989, when the vehicle in which they were traveling southbound on County Route 26 in the Town of Campbell left the road and plunged down an embankment. Plaintiffs proceeded to trial against the County on the theory that the injuries were proximately caused by the County's negligent failure to install guardrails along County Route 26, also known as Meads Creek Road, north of the intersection of Meads Creek Road and Taft Road.

The expert evidence submitted by plaintiffs concerning the cause of their injuries and the effect that guardrails would have had on the manner in which the accident occurred is sufficient to support the conclusion that, had guardrails been in place, plaintiffs would have sustained no injuries or that their injuries would have been substantially minimized. We further conclude that the duty of the County to construct and maintain its roads in a reasonably safe condition includes the duty to provide and maintain guardrails where appropriate (see, Gomez v New York State Thruway Auth., 73 NY2d 724, 725; Van Son v State of New York, 116 AD2d 1013, 1014). The evidence presented by plaintiffs is sufficient to support the conclusion of the jury that the County's investigation into the alleged dangerous condition in the area of plaintiffs' accident was plainly inadequate (see, Weiss v Fote, 7 NY2d 579, 589; see also, Puliatti v State of New York, 91 AD2d 1192, 1193, lv denied 59 NY2d 603). Moreover, the jury's findings that the County failed to review its plan in light of actual operation (see, Weiss v Fote, supra, at 587; Puliatti v State of New York, supra, at 1192) and that the County delayed unreasonably in taking steps to correct a dangerous condition (see, Friedman v State of New York, 67 NY2d 271, 286; Ames v City of New York, 177 AD2d 528, 531) are supported by the evidence. The County failed to establish at trial its present contention that its delay in correcting the deficiency "stemmed from a legitimate ordering of priorities with other projects based on the availability of funding" (Friedman v State of New York, supra, at 287; see also, Cruz v City of New York, 201 AD2d 606, 607). The testimony of County

employees on that issue was ambiguous and self-serving and lacked supporting documentary evidence. The County failed to show the "precise budgetary limitations" under which it was operating, a showing that is necessary to establish that defense *(Cruz v City of New York, supra,* at 607; *see also, Giske v State of New York,* 191 AD2d 675, 677). Finally, we conclude that the evidence is sufficient to support the jury's finding that the failure of the County to install guardrails was a substantial factor in causing plaintiffs' injuries *(see, Gomez v New York State Thruway Auth., supra,* at 725; *Kirisits v State of New York,* 107 AD2d 156, 158). (Appeal from Judgment of Supreme Court, Steuben County, Scudder, J.—Negligence.) Present— Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.