OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for consideration of the facts pursuant to CPLR 5613.
 

 Plaintiff suffered serious personal injuries while a passenger in an automobile traveling on Todt Hill Road in Staten Island. The driver of the vehicle swerved off the road when an animal darted in front of the car. The driver swerved onto what he thought was the shoulder or "swale,” a paved concrete strip abutting the asphalt roadway. He was unable to steer back onto the road, because one of his tires became stuck in the swale in the manner of a bowling ball in the gutter lane. The car eventually struck a boulder and went out of control.
 

 Plaintiff commenced this action alleging, among other things, that the City negligently maintained the section of Todt Hill Road where the accident occurred. Specifically, plaintiff alleged that defendant had created a "crowning effect on the roadway surface such that [the roadway] was pitched into a depression on the shoulder,” which resulted in a hazard to vehicles. At trial, plaintiff’s reconstruction expert testified that the section of Todt Hill Road where the accident occurred was unsafe because of the near vertical drop-off or swale at the side of the road, a condition he represented was caused by defendant’s repeated resurfacing of the road. The expert opined that the proximate cause of the accident was the unsafe condition of the road.
 

 After a bifurcated jury trial, defendant was found 65% negligent and the driver of the vehicle 35% negligent, and plaintiff was awarded $3,750,000 in damages. The Appellate Division reversed the judgment of Supreme Court and dismissed the complaint on the ground that defendant was under no duty to maintain unimproved land adjacent to the roadway, citing
 
 Tomassi v Town of Union
 
 (46 NY2d 91).
 

 A municipality has the nondelegable duty of maintaining its roads and highways in a reasonably safe condition
 
 (see, Fried
 
 
 *891
 

 man v State of New York,
 
 67 NY2d 271). This duty extends to conditions adjacent to the highway, and if the State or governmental subdivision undertakes to provide a paved strip or shoulder alongside the roadway, it must maintain that shoulder in a reasonably safe condition for foreseeable uses, including those uses resulting from a driver’s negligence or an emergency
 
 (see, Bottalico v State of New York,
 
 59 NY2d 302, 305-306). On the other hand, where the paved road surface is "more than adequate for safe public passage,” travel beyond those limits on unimproved land adjacent to the roadway is generally not contemplated or foreseeable and therefore the municipality is under no duty to maintain it for vehicular traffic (
 
 see, Tomassi, supra,
 
 at 97).
 

 The Appellate Division’s reliance on
 
 Tomassi
 
 was misplaced, as the Court could not have determined as a matter of law that the accident was caused by a condition existing on unimproved land.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.