■ KIMBERLY CIASULLO et al., Respondents, v TOWN OF GREENVILLE et al., Appellants, et al., Defendant. [712 NYS2d 579] —In an action, *inter alia*, to recover damages for personal injuries, etc., the defendants Town of Greenville, James Ferguson as Superintendent of the Town of Greenville Department of Highways, and the Town of Greenville Department of Highways appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated July 7, 1999, as denied their motion to dismiss the complaint insofar as asserted against them, and the defendant Orange and Rockland Utilities separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as asserted against the defendants Town of Greenville, James Ferguson as Superintendent of the Town of Greenville Department of Highways, Town of Greenville Department of Highways, and the defendant Orange and Rockland Utilities, and the action against the remaining defendant is severed.

This action arises out of injuries sustained by the plaintiff Kimberly Ciasullo when the car she was driving collided with a utility pole located off the roadway, near the southeast corner of an intersection located within the defendant Town of Greenville. The injured plaintiff entered the intersection at a speed

of 25 to 30 miles per hour without stopping for the posted stop sign and struck a vehicle driven by the defendant Tammy Decker, which was already in the intersection. The injured plaintiff's vehicle then hit a utility pole, owned by the defendant Orange and Rockland Utilities. The defendants Town of Greenville, Town of Greenville Department of Highways, and James Ferguson as Superintendent of the Town of Greenville Department of Highways (hereinafter the Town defendants), moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211. The defendant Orange and Rockland Utilities moved for summary judgment dismissing the complaint insofar as asserted against it.

It is well settled that a municipality has a duty to maintain its roadways in a reasonably safe condition (*see, Friedman v State of New York,* 67 NY2d 271; *Bottalico v State of New York,* 59 NY2d 302). It is equally well settled that a municipality is not an insurer of the safety of its roadways. The design, construction, and maintenance of public highways is entrusted to the sound discretion of municipal authorities and, so long as a highway may be said to be reasonably safe for people who obey the rules of the road, the duty imposed upon the municipality is satisfied (*see, Tomassi v Town of Union,* 46 NY2d 91, 97). The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition taking into account a host of criteria (*see, Tomassi v Town of Union, supra; cf., Weiss v Fote,* 7 NY2d 579). As noted by the Court of Appeals in Tomassi, certain risks are unavoidable, especially in rural locales where objects such as utility poles are often in close proximity to the traveled right of way (*see, Tomassi v Town of Union, supra,* at 97). For the careful driver, the placement of objects such as utility poles near the pavement creates no unreasonable danger.

The complaint, liberally construed in favor of the plaintiffs (*see, e.g., Leon v Martinez,* 84 NY2d 83, 87-88), failed to allege a breach of duty by the Town defendants giving rise to a cognizable cause of action to recover damages (*cf., Stiuso v City of New York,* 87 NY2d 889, 891). The injured plaintiff was negligent in failing to observe the stop sign when she proceeded through the intersection at an imprudent rate of speed. As a result, her car collided with the vehicle driven by Tammy Decker, and then it careened into the subject utility pole. Consequently, the complaint should have been dismissed insofar as asserted against the Town defendants.

The Supreme Court also improperly denied the motion of the

defendant Orange and Rockland Utilities for summary judgment. After that defendant made a prima facie showing that it was entitled to judgment as a matter of law, the plaintiffs failed to raise the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.