■ Matthew J. Castelluccio et al., Respondents, v Irving M. Wolfe et al., Respondents, Three Star Service Center, Inc., Appellant, et al., Defendants. [823 NYS2d 170]—

In an action to recover damages for personal injuries, etc., the defendant Three Star Service Center, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Smith, J.), dated June 24, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The injured plaintiff Matthew J. Castelluccio was operating a

motorcycle on State Route 202 in the Town of Ramapo, when an automobile driven by the defendant Irving M. Wolfe, which was traveling in the opposite direction, made a left turn in front of Castelluccio in order to enter a gas station operated by the defendant Three Star Service Center, Inc. (hereinafter Three Star). Castelluccio collided with Wolfe's vehicle and sustained severe injuries.

Three Star subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In response, Castelluccio claimed, inter alia, that Three Star was responsible for the accident because it partially blocked the entrance to its station with a parked car, thereby allegedly impeding Wolfe's prompt access to the station, and because it parked other vehicles on or near the shoulder of Route 202, preventing Castelluccio from making use of the shoulder in an attempt to avoid the collision. The Supreme Court denied the motion. We reverse.

Three Star sustained its burden by demonstrating its prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and no triable issue of fact was raised in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Both the deposition testimony of Wolfe and a photograph taken by the police immediately after the accident demonstrated that Three Star did not block the entrance to the station and that Wolfe's access to the premises was not impeded or delayed by any action on the part of Three Star. Furthermore, the contention that Three Star parked vehicles on or near the shoulder of the roadway so as to interfere with Castelluccio's use of it is without merit. Police photographic evidence and other proof in the record unequivocally established that vehicles were parked off the road and at a distance from the shoulder. Since the vehicles were situated entirely on adjacent property and not within the highway right-of-way (*see generally Ingoglia v Leshaj*, 1 AD3d 482 [2003]), and the paved portion of the State Route 202 travel lane and shoulder "was sufficiently wide for safe public passage" (*McKenna v Garcia*, 189 AD2d 756, 757 [1993]; *see Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Alberti v Rydill*, 152 AD2d 520, 523 [1989]), the respondents failed to raise a triable issue of fact as to whether the parking of vehicles on the unpaved property adjacent to the shoulder caused or contributed to the accident. Accordingly, Three Star was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur. [*See* 8 Misc 3d 1006(A), 2005 NY Slip Op 50972(U) (2005).]