■ Djelina Lekutanovic et al., Respondents, v City of New York, Appellant, et al., Defendants. (And a Third-Party Action.) [843 NYS2d 303]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered March 2, 2006, which, to the extent appealed from as limited by the briefs, denied appellant City's cross motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the City's cross motion granted. The Clerk is directed to enter judgment dismissing the complaint as against the City of New York.

On July 15, 1995, plaintiff Djelina Lekutanovic was sitting on a concrete slab, in the Orchard Beach parking lot set back about 2½ feet from the curb line, when a vehicle struck her. It had jumped the curb while attempting to pass another car. Plaintiff and her husband commenced this action against the City, the driver, and the vehicle's owner. Plaintiffs claim that the City was negligent in its duty to keep the premises in a reasonably safe condition in that it failed to maintain aluminum guardrails throughout the parking lot. Supreme Court found an issue of fact as to whether the City was negligent in designing or maintaining the curb line in the area of the accident.

We reverse. A municipality is not an insurer of the safety of its roadways (*Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]). Nonetheless, it has a nondelegable duty to design, construct and maintain its roadways adequately and in a reasonably safe condition (*id.*; *see also Friedman v State of New York*, 67 NY2d 271, 283 [1986]). That duty is satisfied, as it is here, when the thoroughfare is reasonably safe for those who obey the rules of the road (*Tomassi*, 46 NY2d at 97). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ.