■ NORTON ELLIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34604.) — This is an appeal by the State of New York from a judgment of the Court of Claims for damages to the claimant for injuries resulting from an automobile accident. The claimant sustained injuries when the driver of the automobile in which he was a passenger was allegedly blinded by the headlights of an approaching automobile, which caused him to leave the travelled portion of the highway and strike a pole 5 feet 10 inches from the edge of the pavement. The road was 24 feet wide, consisting of two lanes, each 12 feet wide, and separated by parallel white lines. There was a dirt shoulder 4 feet wide and according to the testimony, the car travelled laterally some 5 feet 10 inches from the edge of the pavement until it collided with a utility pole. The road at the scene of the accident is in the shape of an "S" curve, the pole being located as described above and within the highway right of way. Approximately 270 feet before entering the curve, there was a reverse curve sign and a speed warning

of 30 miles per hour. There had been several prior instances of cars, traveling in the same direction as claimant, leaving the highway and hitting the same pole. The court found that as a result of complaints, the Department of Public Works had directed an investigation and field survey of the area, and received a report that the problem was one of excessive speed. The court further found that the driver of the automobile in which the claimant was a passenger was traveling at a speed of 35–40 miles per hour. The Court of Claims premised negligence of the State on the following finding: "That Pole No. 1174 was a necessary fixture in the support of electrical conduit servicing the community. However, its location within the right of way of State highway Route 25A * * * was a hazard to motorists traveling on the highway." The finding presents the question of whether or not the location of such a pole on the State's right of way constitutes a hazardous highway condition, when not part of the shoulder or pavement of the highway. This court has previously considered such a situation in the case of *Kinne* v. *State of New York* (8 A D 2d 903, affd. 8 N Y 2d 1068) and stated: "When the State provides an unobstructed pavement reasonably adequate to accommodate traffic it is permissable for it to use the remaining land within the boundary lines of the highway for other useful purposes." Further the court said: "A driver who is forced to leave the paved portion of the highway by the misconduct of some other driver would be as likely to hit a tree 10 feet or more from the pavement as he would one closer." In the instant case the Court of Claims found: "That the condition of the surface of the highway in the area involved in this accident was such that the traveled portion thereof was reasonably safe." In this case, as in the *Kinne* case (*supra*) "the claimant has failed to establish that the State was negligent or that any act or omission on the part of the State was the proximate cause of his damages." Our reversal being predicated on the failure to prove negligence against the State, we do not reach the further defense of *res judicata*. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.