■ MARIA SHICKLER, Respondent, v NASSAU TRUST COMPANY, Appellant. — In an action to recover damages for fraudulent consumer credit and collection practices and for conversion of personal property, defendant appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated February 14, 1984, which denied its motion to dismiss the action for failure to prosecute.

Order affirmed, with costs.

The plaintiff claims that the defendant wrongfully repossessed her automobile for nonpayment of a personal loan when that loan was protected by disability credit insurance. She commenced this action by service of a summons and complaint in May 1980. Three amended complaints were served, the last of which was verified by the plaintiff on July 24, 1981. Issue was joined with respect to the final complaint on December 9, 1981 and discovery proceeded until August 1982. On October 27, 1982, the defendant served a demand upon the plaintiff to serve and file a note of issue within 90 days, pursuant to CPLR 3216. Plaintiff responded by making a motion for supplemental discovery, which motion was granted in part on March 21, 1983. While that motion was pending, the defendant made a motion to dismiss for failure to prosecute, which motion was denied due to the ongoing discovery.

The plaintiff conducted an additional deposition in June 1983. However, due to the illness of the witness deposed, said witness did not sign the transcript of his testimony until the following December. The defendant then made a second motion to dismiss for failure to prosecute by notice of motion dated January 3, 1984, without serving a new 90-day demand for plaintiff to serve and file a note of issue. Special Term denied that motion as well, and this appeal ensued.

The plaintiff successfully met the defendant's first motion to dismiss by showing an excusable delay in filing a note of issue (*see,* CPLR 3216 [e]). The defendant's initial motion had been prematurely made. While the defendant's second motion to dismiss may have been warranted, Special Term could not reach the merits of the motion unless the defendant met the procedural requirements of CPLR 3216. Service of a demand for a note of issue is a condition precedent to a dismissal for failure to

prosecute (*see, Cohn v Borchard Affiliations,* 25 NY2d 237; *Martine v Griffiths,* 39 AD2d 553). Because the defendant had not complied with this condition with respect to the second motion to dismiss, Special Term properly denied the defendant's motion. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.