■ BRIGITTE LUCERI, as Administratrix of the Estate of DONALD LUCERI, Deceased, Respondent, v COUNTY OF ORANGE, Appellant.—In an action to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Orange County (Green, J.), dated December 18, 1987, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's decedent was driving his car along County Road No. 41 at approximately 2:45 A.M. when, for reasons unknown, he apparently made an avoidance maneuver with his car; the car then side-skidded for approximately 170 feet, causing him to lose control, leave the paved road and strike a tree located approximately six feet off the road. The decedent was killed as a result of the impact of his car with the tree. A police report indicated that the decedent had a blood alcohol level of 0.22%. Neither the police nor a private accident investigator were able to determine why the decedent turned

the vehicle which caused it to uncontrollably side-skid and hit the tree.

Contending that, as a matter of law, it was not negligent since no proximate cause could be attributed to it, the county moved for summary judgment dismissing the complaint.

The Supreme Court denied the motion on the ground that the county had a duty to make a reasonable inspection of trees along its roadways and to trim and remove such trees which constitute a danger to users of the road and that there were triable issues of fact regarding the causation of the accident and the respective fault, if any, of the parties.

We observe that the court has misapprehended the law regarding the duty of a municipality with respect to trees located beyond the shoulder of the road. The above-cited rule refers to the county's duty to keep the roadway itself reasonably safe *(Tomassi v Town of Union,* 46 NY2d 91, 97). The county may have a duty to trim trees whose branches and limbs could fall upon vehicles along the traveled portion of the road *(Harris v Village of E. Hills,* 41 NY2d 446, 449-450; *Edgett v State of New York,* 7 AD2d 570). However, the county is not an insurer of those injured on its roads *(see, Tomassi v Town of Union,* 46 NY2d 91, *supra).* Absent any competent factual showing that the county was in any way negligent and that its negligence was the proximate cause of the decedent's accident *(Kinne v State of New York,* 8 AD2d 903, *affd* 8 NY2d 1068; *Ellis v State of New York,* 16 AD2d 727, *affd* 12 NY2d 770), or, that the county was given notice of this allegedly dangerous condition and neglected to remedy it *(see, Friedman v State of New York,* 67 NY2d 271), it cannot be said that there is any issue to submit to the jury under which it could find the defendant even partly at fault for the decedent's accident *(see, Lomnitz v Town of Woodbury,* 81 AD2d 828).

Thus, we hold that the defendant was entitled to summary judgment dismissing the complaint.

We have examined the plaintiff's remaining contentions and find them to be without merit. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.