■ CATHERINE GUY, Individually and as Parent and Natural Guardian of DANIEL RAND, an Infant, Respondent, v ROCHESTER GAS & ELECTRIC CORPORATION, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff seeks to recover for serious personal injuries sustained by the infant plaintiff in an accident involving a vehicle in which he was a passenger. The vehicle was owned and driven by the third-party defendant, who lost control of the vehicle as a result of wet road conditions. The vehicle left the road and struck a utility pole owned and maintained by defendant and third-party plaintiff Rochester Gas & Electric Corporation. Defendant appeals from an order that denied its motion for summary judgment dismissing the complaint.

Defendant is entitled to summary judgment. The weight of authority supports defendant's contention that it is not liable for injuries sustained by a plaintiff in a collision with a fixed object placed within the public right-of-way but outside the travel portion of the highway (Bottalico v State of New York, 59 NY2d 302, 305; Hyde v County of Rensselaer, 51 NY2d 927, 929-930; Tomassi v Town of Union, 46 NY2d 91, 98; Darling v State of New York, 16 NY2d 907, 908; Alberti v Rydill, 152 AD2d 520, 522-523; Crecca v Central Hudson Gas & Elec. Corp., 146 AD2d 858, 859; Luceri v County of Orange, 144 AD2d 444, 445; Scotti v Niagara Mohawk Power Corp., 136 AD2d 478, 479; Ellis v State of New York, 16 AD2d 727, 728, affd 12 NY2d 770; Kinne v State of New York, 8 AD2d 903, affd 8 NY2d 1068). Placement of the utility pole nine feet outside the shoulder of the roadway at the edge of the public right-of-way did not create an unreasonable hazard to motorists, and therefore defendant was under no duty to place the pole outside the right-of-way (Bottalico v State of New York, supra; Hyde v County of Rensselaer, supra; Tomassi v Town of Union, supra; Alberti v Rydill, supra; Crecca v Central Hudson Gas & Elec. Corp., supra; Kinne v State of New York, supra). "[C]ertain risks are unavoidable. Especially in rural locales, such objects as utility poles * * * are often in close proximity to the traveled right of way * * * [and are necessary to] serve the needs of area residents" (Tomassi v Town of Union, supra, at 97).

As demonstrated by the record in this case, defendant's

utility pole was placed in that particular location because it was necessary that it be in a line with adjacent poles in order to eliminate the need for guy wires (the erection of which would have increased the risk to motorists) and because the pole carried utility service to the residence across the road. Moreover, the pole was located at the edge of the public right-of-way, as far from the travel portion of the roadway as was practically possible. Placement of the pole at the edge of the right-of-way was in accordance with State regulations and defendant's own standards. To adopt plaintiff's theory of liability would require public utilities to move utility poles outside the public right-of-way, would constitute an unreasonable burden and expense for the utility and its customers, would interfere unnecessarily with adjoining land use, with highway use and utility service during the period of reconstruction, and would not significantly reduce the risk to highway users *(see, Kinne v State of New York, supra)*. (Appeal from order of Supreme Court, Cayuga County, Corning, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.