■ PETER R. TOWNSEND, Appellant, v MERRILL LYNCH FUTURES, INC., et al., Defendants, and HEINOLD COMMODITIES,

INC., Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 1, 1991, which granted defendant Heinold Commodities, Inc.'s motion to dismiss the complaint and denied plaintiff's cross motion to compel arbitration, unanimously modified, on the law and the facts and in the exercise of discretion, without costs, to the extent that the motion to dismiss is denied on condition that plaintiff commences a court action against Heinold in Cook County, Illinois within 60 days of service of this order with notice of entry, and otherwise affirmed.

In 1984 and 1985 plaintiff was a customer of defendant Thierry R. de Coninck, an account executive employed by defendant Merrill Lynch until June 1984, and thereafter by defendant-respondent Heinold Commodities, Inc., a Chicago-based commodities broker. In February 1988 plaintiff commenced an action in Supreme Court, New York County alleging that he lost over $670,000 through unauthorized speculative trading in commodities index futures. Following joinder of issue and service of discovery demands, Heinold moved to dismiss the complaint pursuant to CPLR 327 on the ground of a forum selection clause in the parties' Customer Agreement, under which plaintiff "agrees to bring any judicial action [against Heinold in connection with the agreement] * * * only in courts located within Cook County, Illinois, unless Heinold * * * expressly submits to another jurisdiction." Plaintiff contended that New York was a proper forum, but argued alternatively that if the motion was to be granted, it should be granted on condition that Heinold accept process in an Illinois action seeking the same relief and not assert a statute of limitations defense. By order entered on or about May 19, 1989, Justice Fingerhood dismissed the action against Heinold on condition that it "accept service in an Illinois action in Cook County and waive any defense on statute of limitations grounds."

For over a year after entry of this order, plaintiff did not commence an Illinois action against Heinold. On July 13, 1990 Heinold served a demand to resume prosecution pursuant to CPLR 3216, but the demand did not require plaintiff "to serve and file a note of issue within ninety days after receipt of such demand," as required by CPLR 3216 (b) (3). On October 5, 1990 plaintiff attempted to institute an arbitration proceeding against Heinold before the National Futures Association (NFA), a self-regulatory organization for the futures industry similar to the NASD for the securities industry. NFA rules

provided for members to arbitrate certain disputes with their customers under certain conditions, one of which being that the notice of intent to arbitrate be received by the NFA "within two years from the date when the party asserting the claim * * * knew or should have known of the act or transaction that is the subject of controversy." (National Futures Association Manual, Code of Arbitration § 5, ¶ 6035 [Prentice Hall 1984].) The NFA rejected plaintiff's arbitration notice as untimely, and Heinold refused to execute a waiver.

On November 2, 1990 Heinold moved to dismiss for want of prosecution, and plaintiff cross-moved to compel Heinold to participate in arbitration before the NFA, urging a broad construction of the words "Illinois action" in the May 19, 1989 order to include arbitration. Heinold's reply pointed out that arbitration was never mentioned as an option in the CPLR 327 motion papers, that the time within which an arbitration could have been brought had expired prior to plaintiff's commencement of the New York Supreme Court action, and that plaintiff had waived its right to arbitration by commencing the court action.

By order entered January 22, 1991, the Supreme Court (Fingerhood, J.) granted the motion to dismiss, ruling that in entering the May 19, 1989 order "I did not—and could not—condition the dismissal on the acceptance of arbitration because no agreement to arbitrate was before me * * * Furthermore, it was not intended to revive any claim that was time barred on the date of my order and to the extent that my order was ambiguous, *sua sponte* it is amended to add to the phrase '*statute of limitations* grounds' the words 'unless the claim is time barred as of the date of the service of the motion to dismiss' " (emphasis in original). Plaintiff moved for reargument, the January 22, 1991 order having erroneously recited that no opposition papers had been filed by plaintiff. The court granted reargument, but adhered to its earlier determination granting Heinold's motion to dismiss, and made explicit its denial of plaintiff's cross motion to compel Heinold to submit to arbitration.

The Supreme Court correctly construed the language and intent of its order entered May 19, 1989, in that plaintiff should have brought an action in a Federal or State court located in Cook County, Illinois, and Heinold was prohibited from raising a Statute of Limitations defense in such court as a condition of dismissal of the New York action. Moreover, plaintiff's delay in commencing any action in Illinois was inordinate and unexplained. However, "[t]he conditions prece-

dent to bringing a motion to dismiss for failure to prosecute under CPLR 3216 must be complied with strictly" *(Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075, 1076; *see also, Shickler v Nassau Trust Co.,* 111 AD2d 800). We also observe that while plaintiff's commencement of an arbitration proceeding in Illinois was not within the letter of the May 19, 1989 order, it arguably comes within its spirit, and plaintiff had obtained the consents of Merrill Lynch and de Coninck to have their claims determined by arbitration before the NFA. Heinold's motion to dismiss must be denied for failure to comply with the requirements of CPLR 3216 (b) (3), but in light of the unusual procedural history of this matter, we believe plaintiff should have a final opportunity to commence a court action in Cook County, Illinois upon the same conditions set forth in Supreme Court's order entered on or about May 19, 1989. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.