■ CANDICE G. ADAMY, Individually and as Administratrix of the Estate of JOSEPH F. ADAMY, Deceased, Respondent, v MARK T. ZIRIAKUS et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Appellant. [605 NYS2d 583] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Niagara Mohawk Power Corporation dismissed. Memorandum: Plaintiff's decedent was killed as a result of a collision between his vehicle and one driven by defendant Mark T. Ziriakus. Decedent's vehicle struck a utility pole located seven feet from the edge of the paved roadway and .6 feet from the edge of the New York State right-of-way. Ziriakus was convicted of DWI and failure to yield the right-of-way.

The IAS Court erred in denying defendant Niagara Mohawk Power Corporation's motion for summary judgment. The utility pole was located at the edge of the public right-of-way, as far from the traveled portion of the roadway as practicably possible, and was placed in accordance with State regulations *(see, Guy v Rochester Gas & Elec. Corp.,* 168 AD2d 965, *lv denied* 77 NY2d 808). The placement of the pole "did not create an unreasonable hazard to motorists, and therefore defendant was under no duty to place the pole outside the

right-of-way" *(Guy v Rochester Gas & Elec. Corp., supra,* at 965).

Plaintiff attempts to distinguish *Guy v Rochester Gas & Elec. Corp. (supra)* by asserting that in *Guy* there was no allegation that placement of the pole was in violation of State regulations. The record here establishes that placement complied with State regulations *(see,* 17 NYCRR 131.8). Plaintiff also argues that Niagara Mohawk could have used a "breakaway" utility pole, but presented no proof that use of a breakaway pole was practicable. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.