■ LEE J. PAPPAS, Appellant, v CARPET CASTLE, INC., Respondent. (Appeal No. 2.) [661 NYS2d 571] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Erie County Court, Rogowski, J.—Reargument.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ PATRICIA A. WARREN, Respondent, v NEW YORK TELEPHONE COMPANY, Defendant, and NIAGARA MOHAWK POWER CORPORATION, Appellant. [661 NYS2d 161] —Order and judgment insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Niagara Mohawk Power Corporation dismissed. Memorandum: Plaintiff sustained injuries when the vehicle she was driving left the roadway, struck a tree stump and overturned. The complaint alleges, *inter alia*, that Niagara Mohawk Power Corporation (defendant) negligently cut trees along the road under its power lines so that the stumps remained, thereby creating a dangerous condition. The stump struck by plaintiff's vehicle was 8.7 feet from the paved roadway.

Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint against it. We agree. The tree stumps did not present an unreasonable hazard and, thus, defendant was under no duty to remove them (*see, Adamy v Ziriakus*, 199 AD2d 1018, *lv denied* 83 NY2d 755; *McKenna v Garcia*, 189 AD2d 756; *Guy v Rochester Gas & Elec. Corp.*, 168 AD2d 965, *lv denied* 77 NY2d 808).

The regulations of the New York State Department of Transportation relied upon by plaintiff do not relate to the safety of motorists and apply only to contractors of the State. Similarly, defendant's Distribution Line Clearance Specifications apply only to contractors hired by defendant and do not create a duty to others. (Appeal from Order and Judgment of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.