■ DIANNA L. CLARK et al., Appellants-Respondents, v CITY OF LOCKPORT, Respondent, and RICHARD D. CURRIE, Appellant. [720 NYS2d 687] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the motion of defendant City of Lockport (City) seeking summary judgment dismissing the complaint and cross claims against it, but erred in denying the cross motion of defendant Richard D. Currie to renew his prior motion seeking summary judgment dismissing the complaint against him.

Dianna L. Clark (plaintiff) suffered catastrophic injuries as the result of a one-car collision. Plaintiff, who had been drinking and was not wearing a seat belt, was traveling in a northerly direction when the passenger side of her vehicle struck the guardrail on the easterly side of the street. Plaintiff lost control of her vehicle when she tried to steer it away from the guardrail. Her vehicle crossed over both lanes of the street, traveled over the curb on the west side of the street, uprooting posts in front of a house owned by Currie, and then struck the porch and the house before coming to rest. The posts were telephone poles that had been cut to approximately four feet in height. A former owner had placed the posts in the front of the house in the City's right of way between the sidewalk and the curb as part of the motif for what was then a bar/restaurant. The City had given the former owner permission to place the posts there. The porch of the house was also partially located in the City's right of way.

Plaintiffs commenced this action alleging, *inter alia,* that the City was negligent in permitting the former owner to place the posts in the City's right of way; that Currie was negligent in failing to remove the posts; and that defendants' negligence was a substantial factor in causing or aggravating plaintiff's injuries. The court properly determined that the City was not negligent and dismissed the complaint against it. The City's duty is limited to maintaining the roadway itself in a reasonably safe condition (*see, Tomassi v Town of Union,* 46 NY2d 91, 97). The court also properly determined that, even if the City was negligent in its posting of signs warning of the curves in the roadway, plaintiff admittedly traveled the road regularly and thus, because she was "well acquainted" with the roadway, any negligence by the City with respect to the signs "cannot be deemed a proximate cause of plaintiff's injuries" (*Atkinson v County of Oneida,* 59 NY2d 840, 842, *rearg denied* 60 NY2d 587). The City also established its entitlement to judgment as a matter of law with respect to the adequacy of the guardrail; the conclusory statements of plaintiffs' expert were not sufficient to raise an issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In 1996 the court denied the motion of Currie seeking summary judgment dismissing the complaint against him, determining that there was an issue of fact whether his negligence was a substantial factor in aggravating plaintiff's injuries. In support of his cross motion to renew the prior motion, Currie relied upon affidavits of the City's experts that were not available at the time of his prior motion. The City's experts stated that the City was not negligent because the posts were off the roadway and that plaintiff's injuries were sustained when the vehicle struck the house, not the posts. Plaintiffs' expert states that plaintiff's injuries occurred when the vehicle struck the posts. The court denied the motion to renew, again determining that there are issues of fact with respect to the proximate cause of plaintiff's injuries. The court erred however, in failing to address the preliminary issue whether Currie was negligent in failing to remove the posts, and we conclude that he was not negligent. "The weight of authority supports [Currie's] contention that [he] is not liable for injuries sustained by * * * plaintiff in a collision with a fixed object placed within the public right-of-way but outside the travel portion of the highway" (*Guy v Rochester Gas & Elec. Corp.,* 168 AD2d 965, *lv denied* 77 NY2d 808; *see, Warren v New York Tel. Co.,* 238 AD2d 961, *lv denied* 91 NY2d 805; *Adamy v Ziriakus,* 199 AD2d 1018, *lv denied* 83 NY2d 755). We have considered the remaining contentions of the parties and conclude that they are without

merit. Thus, we modify the order by granting the cross motion of Currie and upon renewal granting his prior motion seeking summary judgment and dismissing the complaint against him. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.