ALEXANDRA BENSHOFF, Appellant, v ADAM R. RAKOCZY et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Respondent. [914 NYS2d 844]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered November 6, 2009 in a personal injury action. The order, insofar as appealed from, granted the motion of defendant Niagara Mohawk Power Corporation for summary judgment and dismissed the amended complaint against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the negligence claim against defendant Niagara Mohawk Power Corporation is reinstated.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when the vehicle in which she was a passenger struck a backhoe owned by Niagara Mohawk Power Corporation (defendant). It is undisputed that, at the time of the accident, the backhoe was parked on the side of the road, but the record does not establish whether the backhoe was parked entirely on the grass or whether it remained partially on the paved shoulder of the road, to the right of the white fog line. Plaintiff asserted causes of action against defendants for negligence and against defendant for the violation of Labor Law § 241 (6), and the remaining two defendants asserted a cross claim against defendant seeking contribution "and/or" indemnification. Supreme Court granted the mo-

tion of defendant for summary judgment dismissing the amended complaint and cross claim against it. We note at the outset that on appeal plaintiff contends only that the court erred in granting that part of the motion with respect to the negligence claim against defendant, and thus has abandoned any contention concerning the dismissal of the Labor Law § 241 (6) cause of action against defendant (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). In addition, we note that the remaining two defendants have not taken a cross appeal from that part of the order with respect to their cross claim against defendant. Thus, the only issue before us is whether the court erred in granting that part of the motion of defendant for summary judgment dismissing the negligence claim against it, and we agree with plaintiff that the court so erred.

In her bill of particulars, plaintiff alleged, inter alia, that defendant violated Vehicle and Traffic Law § 1201 (a) by parking its backhoe on the paved shoulder of the road. Pursuant to section 1201 (a), it is unlawful to leave a vehicle "upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway." Although the statute does not apply in business or residential districts, in support of its motion defendant failed to meet its initial burden of establishing as a matter of law that the accident occurred inside of such districts. In addition, an issue of fact exists whether the backhoe was partially on the paved portion of the road when the accident occurred.

We further conclude that, even if section 1201 (a) does not apply, defendant owed plaintiff a duty of care if in fact it left its backhoe on any portion of the paved roadway, including the paved shoulder to the right of the white fog line. Defendant's reliance on certain prior decisions of this Court, i.e., *Cave v Town of Galen* (23 AD3d 1108 [2005]), *Clark v City of Lockport* (280 AD2d 901 [2001], *lv dismissed in part and denied in part* 96 NY2d 932 [2001]) and *Guy v Rochester Gas & Elec. Corp.* (168 AD2d 965 [1990], *lv denied* 77 NY2d 808 [1991]), is misplaced because, in each of those cases, the vehicles in question struck fixed objects on property that was merely adjacent to but was undisputedly not on any paved roadway. In *Cave*, for example, the object was in the yard of a landowner, adjacent to the roadway. Here, as noted, there is an issue of fact whether the backhoe was at least partially on the paved shoulder of the road. Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.