# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1024**

**CA 10-01225**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

TERRY D. HILLIARD, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

HIGHLAND HOSPITAL, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

ADAIR LAW FIRM, LLP, ROCHESTER (WILLIAM S. ROBY, III, OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (THOMAS C. BURKE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 18,
2010 in a medical malpractice action. The order and judgment, insofar
as appealed from, granted the cross motion of defendant Highland
Hospital to dismiss the complaint.

It is hereby ORDERED that the order and judgment insofar as
appealed from is unanimously reversed on the law without costs, the
cross motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this medical malpractice action
in 2002 alleging that he suffered injuries as a result of defendant
Highland Hospital's malpractice over a 15-year period, extending from
1985 through 2000. Defendant thereafter served a 90-day demand on
plaintiff, dated July 18, 2008, to serve and file a note of issue and
statement of readiness. By way of background, we note that in October
2008 defendant moved to dismiss the complaint based upon plaintiff's
failure to comply with the 90-day demand. Supreme Court denied the
motion and issued a scheduling order that, inter alia, directed
plaintiff to file a note of issue on or before November 1, 2009. When
plaintiff failed to file a note of issue by that date, the court
conducted a conference during which it directed plaintiff to file the
note of issue by November 24, 2009.

Plaintiff did not file the note of issue as directed, however,
and he subsequently made a motion in January 2010 based on defendant's
alleged spoliation of the medical records of plaintiff. Defendant
again cross-moved to dismiss the complaint based on plaintiff's
failure to file the note of issue. With respect to the order and
judgment in appeal No. 1, we conclude that the court erred in granting

defendant's cross motion.  Although the court also denied plaintiff's motion, we note that plaintiff in his brief on appeal does not address his spoliation motion and thus is deemed to have abandoned any issues with respect thereto (*see Benshoff v Rakoczy*, 79 AD3d 1736; *Ciesinski v Town of Aurora*, 202 AD2d 984).

In connection with its cross motion, defendant did not serve a second 90-day demand before making that cross motion.  "The conditions precedent to bringing a motion to dismiss for failure to prosecute under CPLR 3126 must be complied with strictly" (*Frank L. Ciminelli Constr. Co. v City of Buffalo*, 110 AD2d 1075, 1076, *appeal dismissed* 65 NY2d 1053).  Therefore, "[w]hile the defendant's second motion to dismiss may have been warranted, [the court] could not reach the merits of the motion unless the defendant met the procedural requirements of CPLR 3216.  Service of a demand for a note of issue is a condition precedent to a dismissal for failure to prosecute" (*Shickler v Nassau Trust Co.*, 111 AD2d 800, 800-801; *see Frank L. Ciminelli Constr. Co.*, 110 AD2d at 1076).  Inasmuch as "defendant had not complied with this condition with respect to the second motion to dismiss," the court should have denied defendant's cross motion seeking dismissal of the complaint (*Shickler*, 111 AD2d at 801).

We reject defendant's contention that a second 90-day demand was not necessary because the court ordered that a note of issue be filed by November 1, 2009 and then by November 24, 2009.  While an order may have the same effect as a valid 90-day demand, that order must advise as to the consequences for failing to comply, i.e., dismissal of the complaint (*see Koscinski v St. Joseph's Med. Ctr.*, 24 AD3d 421, 421-422; *see also Bort v Perper*, 82 AD3d 692, 694).  Here, there is no indication that plaintiff was advised that his failure to file a note of issue either by November 1st or November 24th would result in dismissal of the complaint.

With respect to appeal No. 2, plaintiff sought leave to renew and reargue his spoliation motion and leave to reargue his opposition to defendant's cross motion, and in the alternative he sought relief pursuant to CPLR 5015 (a) (1) and (3).  Although plaintiff characterized the motion as one seeking leave to renew and reargue, he failed to present any new evidence and thus he sought only leave to reargue, and it is well settled that no appeal lies from an order denying a motion for leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983).  Insofar as plaintiff also sought relief pursuant to CPLR 5015 (a) (1) and (3), we need not address the propriety of any request by plaintiff for relief pursuant to that statute in view of our decision in appeal No. 1.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court